Defendant-appellant, James R. Huggins, Jr., appeals a Fayette County Court of Common Pleas decision dismissing his petition for postconviction relief. Huggins complains that the trial court failed to issue meaningful findings of fact and conclusions of law, and erred in dismissing his petition for postconviction relief without an evidentiary hearing.
On September 26, 1994, Fayette County authorities arrested Huggins and charged him with aggravated burglary. On October 5, 1994, Huggins signed several documents, including a waiver of indictment, waiver of trial by jury, waiver of counsel, a guilty plea to a theft charge under R.C. 2913.02, and a guilty plea to a burglary charge under R.C. 2911.12(A)(1). The trial court approved the guilty pleas at a plea hearing that day. On October 14, 1994, the trial court sentenced Huggins to not less than five years nor more than fifteen years in prison.
On September 23, 1996, Huggins filed a petition for post-conviction relief. Huggins claimed that authorities prevented him from contacting an attorney, and he alleged that he did not understand the papers the prosecutor had presented to him to sign on October 5, 1994. Huggins also claimed that the prosecutor told him that if he pled guilty he would receive a three to fifteen year sentence, an eighteen month concurrent sentence, and probation. In support of his petition, Huggins submitted his own affidavit, an affidavit from his mother, and school records indicating that he withdrew from school after the eighth grade.
The trial court denied Huggins petition for postconviction relief on November 14, 1996. In its journal entry, the trial court wrote:
 The defendant has failed to submit any evidentiary documents to support his claim that he was coerced into pleading guilty. The record of this case indicates that Ohio Criminal Rule 11 has been complied with. For these reasons, the court finds that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law.
On appeal, Huggins sets forth four assignments of error. Under his first assignment of error, he complains that the trial court's findings of fact were inadequate. Under his second assignment of error, Huggins complains that the trial court should have held an evidentiary hearing. This court will consider these two assignments together.
A defendant may petition the trial court for postconviction relief under R.C. 2953.21. R.C. 2953.21(C) provides in part:
 Before granting a hearing * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
Huggins alleged that the prosecutor misled him about his sentencing. The trial court sentenced Huggins to the five year to fifteen year sentence on the burglary count. Huggins claims, however, that the prosecutor told him his sentence would be from three to fifteen years. Huggins points to an excerpt in the sentencing transcript that supports this allegation. When the trial court questioned Huggins about his plea, Huggins responded, "I was just told that if I plead guilty to burglary, the aggravated would be dropped off and the burglary would run concurrent with the theft charge." When prompted, the prosecutor added, "[t]hat's essentially the agreement your Honor. There would be the aggravated burglary would be dropped to a burglary, the aggravated will be dropped off. And the . . . the maximum penalty then could be a three to fifteen year sentence instead of the five to um twenty-five year sentence which an aggravated burglary would carry with it." (Emphasis added.) Huggins also presented affidavits with his petition that, if believed, support his allegations that authorities prevented him from contacting an attorney and misled him about the terms of his plea bargain.
This court concludes that Huggins came forward with sufficient evidence to warrant an evidentiary hearing under R.C. 2953.21. Huggins' first and second assignments of error are sustained, and this cause must be remanded for an evidentiary hearing.
Huggins complains under his third and fourth assignments of error that his guilty plea should be vacated; he claims he was denied his right to counsel at all critical stages in the proceedings, and that authorities improperly induced his guilty pleas. These issues must be addressed during the evidentiary hearing before the trial court. This court cannot now consider Huggins' third and fourth assignments of error, and they are therefore overruled.
Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.
WALSH and POWELL, JJ., concur.